José Antonio Marty y su esposa Clara Aurora Calder Ortiz, demandantes y apelados, *v.* Salvador Morales Morales, demandado y apelante.

Núm. 9416.—*Sometido:* Noviembre 21, 1946. *Resuelto:* Diciembre 3, 1946.

*José M. Ramírez de Arellano,* abogado del apelante; *Ildefonso Freyre,.* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Se trata en este caso de una moción para desestimar por frívolo el recurso de apelación que contra una sentencia de desahucio interpuso el demandado. Las cuestiones promovidas por éste pueden resumirse así:

1. Que a pesar de haberse celebrado un contrato de compraventa entre los demandantes y el demandado, se convino verbalmente entre ellos que el vendedor no haría entrega de la propiedad vendida hasta después de expirados seis meses, que era el término que el demandado había concedido a José C. Cabrero para que le entregara a su vez una casa que el demandado había comprado, y que erró la corte en la apreciación de la prueba sobre el referido pacto verbal.

2. Que no habiendo el demandado hecho entrega de la finca cuando se estableció la demanda de desahucio, no se había consumado todavía el contrato de compraventa, y no habiendo dicho contrato traspasado la etapa del perfeccionamiento, el demandado continuaba siendo dueño de la propiedad, y por consiguiente surgió un conflicto de títulos que impedía dictar la sentencia de desahucio.

3. Que en el presente caso no procede la acción de desahucio en precario.

El demandado alegó en su contestación la existencia del referido pacto verbal, pero la evidencia fué contradictoria. La de los demandantes tendió a probar que ese pacto nunca

había existido, y el propio notario que otorgó la escritura de compraventa declaró que jamás había tenido conocimiento de ello. Siendo esto así, no debemos intervenir con la discreción de la corte *a quo* en la apreciación de la prueba, con mayor razón cuando de la evidencia del demandado no aparece explicación alguna del motivo por el cual los demandantes compraron la casa y pagaron la totalidad del precio para dejar que el demandado la continuase ocupando sin pagar canon o merced alguna, circunstancia esa que es contraria a la manera de hacer negocios, y que indudablemente influyó en el ánimo del juez sentenciador al dirimir el conflicto de la prueba. Pero en el supuesto de que tal pacto hubiera existido, no pudo haber conflicto de títulos en el presente caso, pues habiéndose hecho la venta mediante escritura pública, el otorgamiento de ésta—prescribe el art. 1351 del Código Civil—equivale a la entrega del objeto del contrato, si de la misma escritura no resultare o se dedujere claramente lo contrario.

■ No podemos comprender por qué no procede en este caso el desahucio en precario. Prescribe el art. 620 del Código de Enjuiciamiento Civil que ''Tienen acción para promover el juicio de desahucio los dueños de la finca, . . .'' y el 621 (enmendado por la Ley núm. 14 de 1941, Sesión Extraordinaria, pág. 45) dispone que procederá el desahucio contra ''. . . cualquiera otra persona que detente la posesión material o disfrute precariamente, sin pagar canon o merced alguna; . . .''.

Toda vez que el demandado por escritura pública hizo venta absoluta de la propiedad a los demandantes, y no habiendo existido el alegado pacto verbal conforme declaró la corte a quo, es enteramente correcta la sentencia que decretó el desahucio. Un recurso de apelación contra tal sentencia necesariamente es frívolo como lo demuestran las cuestiones suscitadas por el apelante. En su consecuencia, *procede declarar con lugar la moción de los apelados y deses-*

*timar el recurso con imposición al apelante de las costas en este Tribunal y el pago de $100 por concepto de honorarios de abogado de los apelados, por su manifiesta temeridad en la prosecución de este recurso.*

El Juez Asociado Sr. Snyder no intervino.